# UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF COLUMBIA

**JOHN F. KENNEDY, HILDA T. KENNEDY,**
**WILLIAM H. KENNEDY & JESSICA NAN BERK**
*Plaintiff(s),*
**vs**
**Sean M. Curran** is the 28th Director of the U.S. Secret Service,
in his official capacity The United States Secret Service
**EDDIE GARCIA**, in his official capacity as Dallas Police
Department Chief

**NEW JERSEY COURT SYSTEM**:
*Mary C. Siracusa*, in her official capacity as NJ judge;
*Nelson C. Johnson*, in his official capacity as NJ judge;
*John C. Porto*, in his official capacity as NJ judge;
*Stanley I Bergman*, in his official capacity as NJ judge;
*Sarah B Johnson* in her official capacity as NJ judge,
*Ralph A. Paolene*; in his official capacity as NJ judge;
*Danielle J. Walcoff*, in her official capacity as NJ judge;
and *James P. McClain's* in his official capacity as NJ judge.
**Unknown clerk** in his official capacity Atlantic City Clerk #1
**Cindy, Delossantos** in his official capacity Atlantic City Clerk #2

**CAROLINE BOUVIER KENNEDY,**
**SCHLOSSBERG EDWIN SCHLOSSBERG,**
**MERCY HARRIS, YOCHEVED COHEN,**
**MARTIN L. EDELMAN,** Harlan A. Levy,
**KATHLEEN KENNEDY TOWNSEND,**
**JOSEPH P. KENNEDY,**
**ROBERT F. KENNEDY JR, RORY KENNEDY,**

**ESQ CAPITAL III LLC,**
**VELASQUEZ, ANTHONY**
**RANDOLPH C. LAFFERTY,**
**COOPER LEVENSON LAW FIRM**
Ryan J Murphy, **BRIGHTEN TOWER CONDO,**
Christopher J O'Connell,
**SUPERIOR PLUMBING & HEATING**
**STANLEY MARAGOUDAKIS**
**RITZ CARLTON CONDOMINIUM ASSOCIATION**
**Injunction relief for**
   1. *Ce Ce Moore* and
   2. The program beneficiaries such as *NJ Share*
                    *Defendants*.

Case: 1:25−cv−01220 JURY DEMAND
Assigned To : Mehta, Amit P.
Assign. Date : 4/15/2025
Description: Pro Se Gen. Civ. (F−DECK)



RECEIVED

APR 15 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**JURISDICTION**

This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)," Specifically, § 1331 grants jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, and § 1343(a) addresses civil rights cases.

**VENUE**

Venue is proper in this district under 28 U.S.C. § 1391(b).

**PARTIES**

   ***PLAINTIFF(S), pro se*, is disabled**

   **John Fitzgerald Kennedy** &
   **Hilda Tobias Kennedy***, husband
   and wife, son*  2834 Atlantic Ave Unit 815
   ATLANTIC CITY, NJ 08401
   **Willam Henry Kennedy**, 2834 Atlantic Ave Unit 815
   ATLANTIC CITY, NJ 08401
   **Jessica Nan Berk**, 2715 BOARDWALK UNIT 1511 ATLANTIC CITY, NJ 08401

## DEFENDANTS

Defendants retaliated against the plaintiffs in their protected *statutorily protected activity* in several cases:

**Sean M. Curran** is the 28th Director of the U.S. Secret Service,
in his official capacity U.S. Secret Service, 245 Murray Ln SW - BLDG T-5,, Washington, DC 20223

**EDDIE GARCIA,** Dallas Police Department Patrol Divisions Jack Evans
Police Headquarters 1400 Botham Jean Blvd. Dallas, Texas 75215 214-671-3001

*Mary C. Siracusa*, in her official capacity as NJ judge;
1201 Bacharach Boulevard
Atlantic City, NJ 08401
(609) 402-0100 Ext. 47250
*Nelson C. Johnson*, in his official capacity as NJ judge;
1201 Bacharach Boulevard
Atlantic City, NJ 08401
(609) 402-0100 Ext. 47250
*John C. Porto*, in his official capacity as NJ judge;
1201 Bacharach Boulevard
Atlantic City, NJ 08401
(609) 402-0100 Ext. 47250
*Stanley I Bergman*, in his official capacity as NJ judge;
1201 Bacharach Boulevard
Atlantic City, NJ 08401
(609) 402-0100 Ext. 47250
*Sarah B Johnson* in her official capacity as NJ judge,
1201 Bacharach Boulevard
Atlantic City, NJ 08401
(609) 402-0100 Ext. 47250
*Ralph A. Paolene*; in his official capacity as NJ judge;
1201 Bacharach Boulevard
Atlantic City, NJ 08401
(609) 402-0100 Ext. 47250
*Danielle J. Walcoff*, in her official capacity as NJ judge;
1201 Bacharach Boulevard
Atlantic City, NJ 08401
(609) 402-0100 Ext. 47250
*James P. McClain's* in his official capacity as NJ judge.
1201 Bacharach Boulevard
Atlantic City, NJ 08401
(609) 402-0100 Ext. 47250

**Cindy, Delossantos** in his official capacity Atlantic City Clerk #2
1201 Bacharach Boulevard
Atlantic City, NJ 08401
(609) 402-0100 Ext. 47250

*CAROLINE BOUVIER KENNEDY;*
919 Third Avenue, New York, NY 10022
Phone+1 212.756.2000

*EDWIN SCHLOSSBERG;*
919 Third Avenue, New York, NY 10022
Phone+1 212.756.2000

*MERCY HARRIS,*
919 Third Avenue, New York, NY 10022
Phone+1 212.756.2000

*YOCHEVED COHEN;*
919 Third Avenue, New York, NY 10022
Phone+1 212.756.2000

*MARTIN L. EDELMAN;*
919 Third Avenue, New York, NY 10022
Phone+1 212.756.2000

**Harlan A. Levy**, esq. Boies, Schiller Flexner L.L.P.,
1301 6th Ave, New York, NY 10019
(212) 812-0354
foleyhoag.com

*KATHLEEN KENNEDY TOWNSEND; 1012 14th Street, N.W.. Suite 1400 Washington, DC 20005* · Phone +1 (202) 347-8630

**JOSEPH P. KENNEDY** 2600 Virginia Ave NW Fl 10Washington, DC 20037-1905

*ROBERT F. KENNEDY; JR,*, 200 Independence Avenue, S.W.Washington, D.C. 20201

*RORY KENNEDY;* 33 Nassau Avenue, Suite 24, Brooklyn, NY 11222

**ESQ CAPITAL III LLC,** Esq Capital III LLC
732 S Lake Dr, Lakewood, NJ 08701

**VELASQUEZ, ANTHONY**
1608 Route 88, Suite 330, PO Box 1030, Brick, NJ 08723

**RANDOLPH C. LAFFERTY,**
1125 Atlantic Avenue Third. Floor Atlantic City, NJ 08401
<u>609-344-3161</u>

**COOPER LEVENSON LAW FIRM**
1125 Atlantic Avenue Third, Floor Atlantic City, NJ 08401
<u>609-344-3161</u>

**Ryan J Murphy**,
1 Penn Cntr. -Suburban Station
<u>1617 JFK Blvd., Suite 1500</u>
Philadelphia, Pennsylvania 19103-1815


**BRIGHTEN TOWER CONDO**, 2834 Atlantic Ave, Atlantic City, NJ 0840

**Christopher J O'Connell**,, 1515 Market Street, Suite 1900
Philadelphia, PA 19102  Phone: 215-563-9811

**SUPERIOR PLUMBING & HEATING**
19 Lehigh Dr., Somers Point, NJ 08244

**STANLEY MARAGOUDAKIS**
2715 BOARDWALK, APT#1017, ATLANTIC CITY, NJ 08401

**RITZ CARLTON CONDOMINIUM ASSOCIATION**, ATLANTIC CITY, NJ 08401

Requesting Injunction Relief

**Ce Ce Moore**
American Ancestors, 97 Newbury Street, Boston, Massachusetts 02116-3007

and

program beneficiaries such as **NJ Share**,
4 Walter E. Foran Boulevard, Suite 105, Flemington, NJ 08822.

These cases have been weaponized by the defendants based on our beliefs and our advocacy for President Donald Trump and regarding the unsealing of information related to President John F Kennedy.  We are seeking the court's intervention due to election interference and other related cases. The defendants have suffered disabilities, retaliation, abuse, and lack of a toilet for nearly a year.  Hilda kennedy is 93 years old.

March 29, 2024

JESSICA NAN BERK
2715 Boardwalk Suite 1511,
Atlantic City, NJ 08401

&

HILDA TOBIAS KENNEDY
2834 Atlantic Ave, Suite 815,
Atlantic City, NJ 08401

Alto Lee Adams, Sr. United States Courthouse
101 South U.S. Highway 1
Chambers 4044
Fort Pierce, Florida 34950

IN RE: **CASE NO. 23-80101-CR-CANNON-REINHART**

Dear Honorable  Judge Judge Aileen M. Cannon,


Please accept this informal MOTION FOR LEAVE TO PRESENT ORAL ARGUMENTS
BY JESSICA NAN BERK AND HILDA TOBIAS KENNEDY AS *AMICI*  IN SUPPORT OF
DEFENDANT PRESIDENT TRUMP'S MOTION TO DISMISS [ECF 326]  PURSUANT TO
THE COURT ORDER: *"Any Amici wishing to present oral argument during this ring must seek
leave of Court to do so no later than June 3, 2024."* with Americans With Disabilities
REASONABLE REQUEST in good faith.


Respectfully submitted,



/S/              /S/

Jessica Nan Berk & Hilda Tobias Kennedy

646-648-3589

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

UNITED STATES OF AMERICA,

            *Plaintiff,*

v.

DONALD J. TRUMP, et al.,

CASE NO. 23-80101-CR-CANNON-REINHART

**MOTION FOR LEAVE TO PRESENT ORAL ARGUMENTS BY JESSICA NAN BERK AND HILDA TOBIAS KENNEDY AS *AMICI* IN SUPPORT OF DEFENDANT PRESIDENT TRUMP'S MOTION TO DISMISS [ECF 326] PURSUANT TO THE COURT ORDER:** *"Any Amici wishing to present oral argument during this ring must seek leave of Court to do so no later than June 3, 2024."* **with Americans With Disabilities REASONABLE REQUEST**

BY: JESSICA NAN BERK 2715 Boardwalk Suite 1511, Atlantic City, NJ 08401 &
     HILDA TOBIAS KENNEDY 2834 Atlantic Ave, Suite 815, Atlantic City, NJ 08401

       Jessica Nan Berk, and Hilda Tobias Kennedy, disabled, *pro se*, indigent, private citizens, elderly, respectfully submit this informal motion for leave to present oral arguments as *amici* in support of President Trump's Motion to Dismiss the Indictment Based on the Unlawful Appointment and Funding of Special Counsel Jack Smith and submit an alternative resolution [E.C.F. No. 326] pursuant to THE COURT ORDER: *"Any Amici wishing to present oral argument during this ring must seek leave of Court to do so no later than June 3, 2024."*:

       Amicus briefs [MOTIONS] filed in district court should adhere to the same requirements as those applicable in the Court of Appeals. *See* Fed. R. App. P. 29; *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136-37 (D.D.C. 2008). Unless the amicus is the government or its agency, the amicus must file with consent or court permission. Fed. R. App. P. 29(a)(2).

The motion must be accompanied by the proposed amicus brief [if required], and a statement of the movant's interest [AFFIDAVITS ATTACHED] and how the brief [ORAL ARGUMENT] will assist the Court. *Id.* R. 29(a)(3)(A)-(B). An amicus brief should be filed as promptly as possible to avoid prejudicing the parties [by June 2, 2024]. *Tafas v. Dudas*, 511 F. Supp. 2d 652, 660 (E.D. Va. 2007).

The affidavits attached are our statement(s)of interest for filing this motion.

We have the knowledge and experience the Court may find helpful.

We would want the Court to respectfully see that the funding the state has used, legal or not, to prosecute the Defendant is disproportional to the acts for which others in his same category and class have gone unpunished for the same crime as explained by the Defendant fillings without the semantics by the opposition.

Furthermore, our interest is in the misuse of government funds that do not support the people's interest of justice but is more political in nature. In contrast, funding is greatly needed for crimes against seniors and the disabled, veterans, the elderly, abused children/adults, etc, and the Department of Justice is grossly failing to use the people's money where it matters and should not be condoned for pursuing such a costly and dragged out litigation that could be quickly resolved cheaply [A fine and community service] but for the fact that the Department of Justice is operating in a manner that is prejudicial to the interest of the people in seeking to imprison former President Trump <u>only</u> for the period of the election cycle since it has no money to continue after this year. "*Justice Department projects a large drop in special counsel spending. President Joe Biden's budget proposal estimates that expenditures for special prosecutors will drip from 29 million this fiscal year (2023) to 4 million the next.*" By **JOSH GERSTEIN** and **KYLE CHENEY** 03/11/2024 03:49 PM EDT Updated: 03/11/2024 07:05 PM EDT, Politico

Hilda Tobias Kennedy and me, Jessica Nan Berk, are not only renowned activists for progressive issues and disabled rights, but we are victims of discrimination as a disabled person, as you can see in Exhibits/Affidavits "A" and "B" in support of the statement of interest.

We can not, in good conscience, see such a waste of money and miscarriage of justice go without words spoken, as we have suffered so greatly from our miscarriage of justice ourselves.

Under Rule 1 of this Court the parties are not meeting its objective. *Scope and Purpose: These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in <u>Rule 81</u>. They should be construed, administered, and employed by the Court and the parties to secure the just, speedy, and <u>inexpensive determination</u> of every action and proceeding.* The parties herein are not being subjected to this rule by the Court.

We would also like to urge Congress to make some common sense legislation to stop this continued violation of removing sensitive documents without some kind of order, putting us all at risk.

## LEGAl MEMORANIUM

## A. MEANING AND HISTORY OF AMICI

An amicus curiae [amici] (lit. 'friend of the court'; pl. amici curiae) is an individual or organization that is not a party to a legal case, but that is permitted to assist a <u>court</u> by offering information, expertise or insight that has a bearing on the issues in the case. Whether an amicus brief [oral arument] will be considered is typically under the Court's discretion. The phrase is legal Latin and the origin of the term has been dated to 1605–1615. The scope of amici curiae is generally found in the cases where broad public interests are involved and concerns regarding civil rights are in question.

In American law, an amicus curiae typically refers to what in some other jurisdictions is known as an intervenor: a person or organization who requests to provide legal submissions so as to offer a relevant alternative or additional perspective regarding the matters in dispute. In the American courts, the amicus may be referred to as an amicus brief. In other jurisdictions, such as <u>Canada</u>, an amicus curiae is a <u>lawyer</u> who is asked by the Court to provide legal submissions regarding issues that would otherwise not be aired properly, often because one or both of the parties is not represented by counsel. *Wikipedia*.

Amici curiae [Amici] have been successful in helping to persuade the Court in a number of recent high-profile civil rights matters. *See, e.g., California v. Azar*, No. 19-cv-01184-EMC, 2019 WL 1877392, at *2 (N.D. Cal. April 26, 2019) (medical providers' information for pregnant patients); *Regents of the Univ. of Cal.*, 279 F. Supp. 3d at 1046 (DACA's impact on the tech sector); *Duronslet v. Cty. of L.A.*, 266 F. Supp. 3d 1213 (C.D. Cal. 2017) (whether heightened scrutiny applied to transgender minor's claim regarding restroom access).

And amicus participation is not limited to civil rights cases. Amici have weighed in on thousands of district court cases with the potential to affect all manner of government and business interests. *See, e.g.*, *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585, 593 (S.D.N.Y. 2018) (copyright); *Ohio Valley Envtl. Coal., Inc. v. McCarthy*, 313 F.R.D. 10, 32 (S.D.W. Va. 2015) (environment); *In re BRCA1-, BRCA2-Based Hereditary Cancer Test Patent Litig.*, 3 F. Supp. 3d 1213, 1220 (D. Utah), *aff'd and remanded*, 774 F.3d 755 (Fed. Cir. 2014) (cancer patents); *United States v. S.B.C. Commc'ns, Inc.*, 489 F. Supp. 2d 1, 8 (D.D.C. 2007) (telecommunications antitrust).

## B.  IMPORTANCE OF AMICI

When litigating high-stakes cases—even in district court—parties should consider recruiting amici, who can provide a unique perspective about the broader social and business interests at stake. A well-written amicus brief can persuade the judge to pay closer attention to how a ruling may actually affect nonparties, and as a result, may ultimately impact the outcome of the case.

Potential amici are likely to be interested in the broader impact on the law, especially when the case involves novel legal questions or pertains to an issue of public interest. Paul M. Collins, Jr., *Who Participates as Amici Curiae in the U.S. Courts of Appeals?*, 94 Judicature 128, 134 (2010). Amici may provide new perspectives and educate the Court about the broader consequences its ruling may have.

For example, a group of amici weighed in on the district court case involving the termination of the Deferred Action for Childhood Arrivals (DACA) program. *Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, 279 F. Supp. 3d 1011 (N.D. Cal. 2018) (Doc. 137-3). The amici were over a hundred tech companies, including Facebook and Microsoft, whose employees and businesses would be affected if DACA were terminated. The amici argued that terminating DACA would result in substantial economic damage to their businesses and the national G.D.P. The district court granted the injunction, finding irreparable harm to "organization interests, economic output, public health, and safety." *Id.* at 1046. *Summer Associate, Kayla Bowen, co-authored.*

## C. AMERICANS WITH DISABILIES RESONABLE REQUEST

We did not see that a brief is required per the court order but as such we are disabled and could not have one done in the time of June 2, 2024, so as a reasonable request under A.D.A. Hilda Tobias Kennedy and I, Jessica Nan Berk are only submitting our request for oral argument. In the alternative, Jessica Nan Berk and Hilda Tobias Kennedy respectfully request additional time to file a brief in support of this motion.

## CONCLUSION

This amicus motion is privately funded: An amicus brief [motion] is most impactful when it is not funded or authored by a party or a party's counsel. *See Universal City Studios, Inc. v. Reimerdes*, 111 F. Supp. 2d 294, 304 (S.D.N.Y. 2000), *aff'd sub nom. Universal City Studios, Inc. v. Corley*, 273 F.3d 429 (2d Cir. 2001). But of course, "by the nature of things an amicus is not normally impartial . . . there is no rule that amici must be totally disinterested." *Tafas*, 511 F. Supp. 2d at 661 (cleaned up).

*We respectfully submit this motion to request oral arguments in the interest of justice under FRCP RULE 1 as stated above.*

*Respectfully Submitted,*

*Jessica Nan Berk*

*Hilda Tobias Kennedy*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                      :
JOHN FITZGERALD KENNEDY.,                             :

                       Plaintiff,                     :        08 Civ. 8889 (WHP)

           -against-                                  :        <u>SCHEDULING ORDER NO. 1</u>

                                                      :
THE TRUSTEES OF THE
TESTAMENTORY TRUST OF THE                             :
LAST WILL AND TESTAMENT
OF PRESIDENT JOHN F. KENNEDY                          :

                       Defendant.                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

         Plaintiff is directed to personally serve Defendant with the complaint by March 6,

2009 and to docket an appropriate affidavit of service. Failure to comply with this Order, will

result in dismissal of the complaint.

Dated:  February 13, 2009
        New York, New York

                                              SO ORDERED:


                                              _____
                                              WILLIAM H. PAULEY III
                                              U.S.D.J.

*Counsel of Record*

Paul B. Dalnoky, Esq.
45 East 7th Street
#103
New York, NY 10003
*Counsel for Plaintiff*

ATL-LT-003640-24    03/14/2025    Pg 21 of 53    Trans ID: SCP20251100695
Case 1:25-cv-01220-APM    Document 1    Filed 04/15/25    Page 16 of 58
Case 3:23-cv-02603-N-BT    Document 63-2    Filed 03/28/25    Page 90 of 100    PageID 1079

**The history:** On or around 10/13/2022 the toilet exploded Ed the handyman at Brighton Towner Condo Associate came in and said the leak around the toilet and the floor would be our responsibility if there is any damage to the apartment below was your father's responsibility. ESQ did not return calls.

Brighton Towers had a vendors list on the first floor that the Association required the condo owners and renters to use. Superior Plumbing and Heating was on the list. Superior Plumbing replaced on 10/14/2022 with the toilet charging 900 Dollars. 500.00 Dollars were paid on the day of the replacement of the toilet. (Please see attachment) '

ATL-LT-003640-24  03/14/2025  Pg 22 of 53  Trans ID: SCP20251100695
Case 1:25-cv-01220-APM     Document 1     Filed 04/15/25     Page 17 of 58
Case 3:23-cv-02603-N-BT     Document 63-2     Filed 03/28/25     Page 91 of 100     PageID 1080

9      Count one is solely as to Hilda.  It is a

10     negligence claim.  It alleges that Hilda fell and

11     suffered damages as a result of the fall.  Taking the

12     facts in the light most favorable to plaintiff, these

13     are the facts that I find.  On October 12th, 2022, the

14     plaintiffs had a toilet leak and the next day, October

15     13th, 2022, handyman named Ed from the defendant

16     condominium association advised plaintiff, William

17     Kennedy, to contact the authorized plumber who

18     defendant Superior.

The plumber told William that if he did not fix the toilet the apartment would not be habitable and you would have to leave the apartment. The plumber said Brighton Tower said we could not stay here and they could not find the landlord. It was witnessed by two people. Superior Plumbing returned on 10/21/2022 for the remaining balance which was 400.00 Dollars.

ATL-LT-003640-24   03/14/2025   Pg 23 of 53   Trans ID: SCP20251100695
Case 1:25-cv-01220-APM     Document 1     Filed 04/15/25     Page 18 of 58
Case 3:23-cv-02603-N-BT     Document 63-2     Filed 03/28/25     Page 92 of 100     PageID 1081

ATL-L-003010-23   02/08/2024 4:18:28 PM   Pg 19 of 24   Trans ID: LCV2024368914

## **EXHIBIT C**



Mr. John F. Kennedy informed Superior Plumbing the toilet was not functioning properly it was clogged. Superior Plumbing inspected the toilet and said this was a double-flushing toilet hold down the handle on the toilet and it should work fine.

Mr. John F. Kennedy requested Superior Plumbing to sign and date the work order. Superior Plumbing signed the work order but did not date it the remaining balance of 400.00 dollars was paid.

ATL-LT-003640-24   03/14/2025   Pg 24 of 53   Trans ID: SCP20251100695
Case 1:25-cv-01220-APM     Document 1     Filed 04/15/25     Page 19 of 58
Case 3:23-cv-02603-N-BT     Document 63-2     Filed 03/28/25     Page 93 of 100     PageID 1082

The plumber returned one more time and snaked the toilet and it still did not work. Superior Plumbing did not honor its guarantee Mr. John F. Kennedy was called a psycho and told not to call back again.

Superior Plumbing and the handyman Ronald Ur returned to fix a leak in the above apartment leaving the bathroom a mess. (Please see Attachments). I explained to both the Plumber and Ron that we had to go to Tropicana to use their restroom sometimes. We were constantly asking our neighbor to use her industrial plunger.

Hilda T. Kennedy fell in the restroom due to sewage on the floor from the toilet. Knocking out her teeth and fracturing her legs.

6 |                    The plaintiff then fell on September 8, 2023.     |

Mrs. Hilda T Kennedy's fall was caught on home video.



Hilda Kennedy had an infection in her mouth because of her broken teeth.

ATL-LT-003640-24 03/14/2025 Pg 25 of 53 Trans ID: SCP20251100695
Case 1:25-cv-01220-APM Document 1 Filed 04/15/25 Page 20 of 58
Case 3:23-cv-02603-N-BT Document 63-2 Filed 03/28/25 Page 94 of 100 PageID 1083



ATL-LT-003640-24   03/14/2025   Pg 26 of 53   Trans ID: SCP20251100695
Case 1:25-cv-01220-APM      Document 1      Filed 04/15/25      Page 21 of 58
Case 3:23-cv-02603-N-BT      Document 63-2      Filed 03/28/25      Page 95 of 100      PageID 1084

## Shore Medical Center

Somers Point, NJ 08244

### Discharge Instructions for KENNEDY, HILDA

Thank you for choosing Shore Medical Center to meet your healthcare needs. We are happy to provide you a copy of your discharge instructions and discharge medication list. Our entire staff ALWAYS strives to provide you and your family with an experience that is first class. You may receive a follow-up survey and a phone call asking about your experience with us. We would appreciate your comments.

### Patient Information

Name: KENNEDY, HILDA                Age: 92 Years                     Date of Birth ▮▮▮▮▮
MRN: ▮▮▮▮▮        FIN: ▮▮▮▮▮
Inpatient Admit Date: 07/17/2024 23:42

Primary Care Physician: XXNO PCP, access Shore Physician
Attending Physician: CAPECCI, STEPHEN N
Consulting Physician: PREZIOSI, BENAIFER; LUCASTI, CHRISTOPHER J

### Allergies

No known allergies

### Diagnosis

Constipation; Dental abscess; Dizziness; Hyponatremia; Maxillary sinusitis; Pain, dental; Type 2 diabetes with complication

| Vital Signs | Discharge Vital Signs |
|---|---|
| Temp Oral | 36.6 DegC |
| Temp Axillary | |
| Temp Rectal | |
| Temp Temporal Artery | |
| Apical Heart Rate | |
| Peripheral Pulse Rate | 88 bpm |
| Respiratory Rate | 20 bpm |
| Blood Pressure | 168 MMHG / 78 MMHG |
| 02 Sat | 95 % |
| Height | 152.4 cm |
| Weight | 53.5 kg |
| BMI | 23.03 kg/m2 |

KENNEDY, HILDA

Page 2

Mr. Rooter Plumbing was called on 10/10/2023 he would not do the work the landlord had to be notified and the plumber, landlord, and Brighton Tower Condo still insisted the toilet worked and did not let anyone do any worked. This is an interference.

ATL-LT-003640-24   03/14/2025   Pg 27 of 53   Trans ID: SCP20251100695
Case 1:25-cv-01220-APM   Document 1   Filed 04/15/25   Page 22 of 58
Case 3:23-cv-02603-N-BT   Document 63-2   Filed 03/28/25   Page 96 of 100   PageID 1085

ATL-L-003615-23   02/09/2024 4:18:26 PM   Pg 22 of 24   Trans ID: LCV2024508914

# **EXHIBIT E**



Mr. Rooter Plumbing
385 Weymouth Road
Buena, NJ 08310
(856) 697-7668
Frank Czeroska NJ LMP #11848

Invoice 36029419
Invoice Date 10/10/2023
Completed Date
Technician Vladislav Lyugas
Customer PO
Payment Term Due Upon Receipt

Job Address
William Kennedy
2834 Atlantic Avenue #815
Atlantic City, NJ 08401 USA

Billing Address
William Kennedy
2834 Atlantic Avenue #815
Atlantic City, NJ 08401 USA

**Description of Work**

Needs a new toilet, leaking under toilet, can make a big problem downstairs. Also needs emergency shut off valve for toilet by the code.

| | |
|---|---|
| Sub-Total | $0.00 |
| Tax | $0.00 |
| Total Due | $0.00 |
| Balance Due | $0.00 |

*Thank you for your business*

I understand and agree that the initial price quoted prior to the start of the work, $0.00, does not include any additional or unforeseen tasks. Nor does it cover material which may be found to be necessary to complete repairs or replacements. I also agree to hold Mr. Rooter or its assigns harmless for parts deemed corroded unusable or unreliable for completion of stated work to be done. I hereby authorize Mr. Rooter to perform proposed work, agreeing to all agreement conditions, and further acknowledge that full payment is due upon receipt. A monthly service charge, at maximum allowed by law, will be added after 10 days.



10/11/2023
I find the service and materials performed & installed have been completed in accordance with this agreement. I agree to pay $0.00 reasonable attorney fees, collection fees and court costs in the event of legal action pursuant to collection of the amount due.

10/11/2023

Brighton Towner Condo Association came to condo 815 on the 8th floor to check the fire alarm. Ron the Condo Association handyman checked the fire alarm and said the alarm was not working. Ron called ESQ Capital twice but no answer or call back. Ron informed Mr. John F. Kenndy that the apartment was inhabitable without the fire alarm working. Mr. John F. Kennedy said that Brighton Condo Association asked John F Kennedy to pay 119.00 Dollars to bring the condo 815 back to habitability. As of the date of this filing the fire alarm is still not working and making it dangerous for the plaintiffs.

ATL-LT-003640-24   03/14/2025   Pg 28 of 53   Trans ID: SCP20251100695
Case 1:25-cv-01220-APM     Document 1     Filed 04/15/25     Page 23 of 58
Case 3:23-cv-02603-N-BT     Document 63-2     Filed 03/28/25     Page 97 of 100     PageID 1086

During the changing of the fire alarm, Mr. John F. Kennedy and William H. Kennedy. Mentioned that the toilet was still not working. Ron checked the toilet and said he would have to talk to the landlord. (see attachment). The fire alarm still did not work. The handyman Ron returned to replace the alarm and it still is not working. (Please see Attachment).

3/4/25, 10:11 PM                                              Gmail - Fw: Brighton 815 Invoice

 **Gmail**                                 John F. Kennedy <jfknycalif@gmail.com>

**Fw: Brighton 815 invoice**
1 message

Ike Schwab <ikeschwab@hotmail.com>                                Mon, Jan 30, 2023 at 2:51 PM
To: "kennedynewyork@hotmail.com" <kennedynewyork@hotmail.com>, "jfknycalif@gmail.com" <jfknycalif@gmail.com>

> Please forward $119.00 made out to ESQ CAPITAL III, LLC for a repair that was made to unit 815
> as per lease agreement.
>
> Mail it to :
>
> ESQ CAPITAL III LLC
> P.O. Box 131
> Lakewood NJ 08701-0131
>
> 27.    *Minor Repairs.*
>
>       *Tenant agrees to be responsible for all repairs for each and every occurrence caused by the*
> *negligence, neglect or willful act of the Tenant or Tenant's family, domestic employees, and guests, Tenant*
> *further agrees to be responsible for any repair, regardless of cause, the cost of which does not exceed*
> *$250.00. Any costs or damages incurred by Landlord shall be collectible as additional rent.*

**From:** JJ Katz <doublejkatz@gmail.com>
**Sent:** Monday, January 30, 2023 2:06 PM
**To:** ike schwab <ikeschwab@hotmail.com>
**Subject:** Brighton 815 invoice

Good afternoon I took care of the apartment 8:15 I put in the carbon smoke detector and I put the smoke detector in the bedroom I also fix the toilet your total amount is $119

Please send check to
Ronald Ur
30 southlaurel dr somerspoint nj 08244

It was not until 10/26/2023 when ESQ Capital was served with a **SUMMONS TO APPEAR IN MUNICIPAL COURT** did ESQ Capital fixed the toilet a month later. Using the law the landlord, Brighton Towers, and Superior Heating & Plumbing should have known the toilet did not work.

ATL-LT-003640-24   03/14/2025   Pg 29 of 53   Trans ID: SCP20251100695
Case 1:25-cv-01220-APM     Document 1     Filed 04/15/25     Page 24 of 58
Case 3:23-cv-02603-N-BT     Document 63-2     Filed 03/28/25     Page 98 of 100     PageID 1087

# CITY OF ATLANTIC CITY

**DEPARTMENT OF LICENSING & INSPECTIONS**
**INSPECTION DIVISION/PROPERTY MAINTENANCE**
City Hall - Room 112
1301 Bacharach Boulevard
Atlantic City, NJ 08401-4603
Telephone: 609-347-6450
Fax: 609-347-0404
E-mail:



Reference #
RAC-2023-04891

## NOTICE OF VIOLATIONS AND ORDER TO ABATE

BSQ CAPITAL III LLC
PO BOX 131
LAKEWOOD, NJ 087010131

Block: 176          Lot: 1

Property Address: 2834 ATLANTIC 815, 815, ATLANTIC CITY, NJ 08401     Agent:
Address:
City/State/Zip:

## ACTION

Date of Inspection:  10/26/2023          Compliance Due Date:  11/06/2023

TAKE NOTICE that you have been found to be in violation of the following Chapter 207 of the City Code which adopted the Property Maintenance Code of Atlantic City, promulgated thereunder in that:

**Code: 403.2 Bathrooms and toilet rooms**                          **Status: In Violation**
PM-403.2 Bathrooms and toilet rooms : Every bathroom and toilet room shall comply with the ventilation requirements for habitable spaces as required by Section 403.1, except that a window shall not be required in such spaces equipped with a mechanical ventilation system. Air exhausted by a mechanical ventilation system from a bathroom or toilet room shall discharge to the outdoors and shall not be recirculated.
Comments: Install shut off valve for toilet water. Replace toilet seat.

**Code: 403.2 Bathrooms and toilet rooms**                          **Status: In Violation**
PM-403.2 Bathrooms and toilet rooms : Every bathroom and toilet room shall comply with the ventilation requirements for habitable spaces as required by Section 403.1, except that a window shall not be required in such spaces equipped with a mechanical ventilation system. Air exhausted by a mechanical ventilation system from a bathroom or toilet room shall discharge to the outdoors and shall not be recirculated.
Comments: Have a Licensed Plumber repair the toilet seat and the slow drain in bathroom sink.

You are hereby ordered to terminate said violation(s) on or before 11/06/2023. No Occupancy Permit or Approvals will be issued unless the said violation(s) are abated.

Failure to comply with this Order by the COMPLIANCE DATE will subject you to a
# SUMMONS TO APPEAR IN MUNICIPAL COURT

Any questions concerning this matter, please call 609-347-6450.

Inspector:  _Roseann Smith_          Date of Notice:  10/26/2023

Roseann Smith

ATL-LT-003640-24 03/14/2025 Pg 30 of 53 Trans ID: SCP20251100695
Case 1:25-cv-01220-APM Document 1 Filed 04/15/25 Page 25 of 58
Case 3:23-cv-02603-N-BT Document 63-2 Filed 03/28/25 Page 99 of 100 PageID 1088

Colloquy

1  the warranty of habitability, like we fixed that issue

2  with the toilet a year ago, and they continued to live

3  there so that wasn't breached and their only

4  entitlement would be rent abatement which would be the

5  only type of damage.  And, then the last one, the count

6  nine, same thing, the negligent infliction of emotional

7  distress, you can't have a Portee claim if you don't

8  have a valid negligence claim.

ATL-LT-003640-24   03/14/2025   Pg 31 of 53   Trans ID: SCP20251100695
Case 1:25-cv-01220-APM   Document 1   Filed 04/15/25   Page 26 of 58
Case 3:23-cv-02603-N-BT   Document 63-2   Filed 03/28/25   Page 100 of 100   PageID 1089

ATL-LT-003640-24   01/30/2025   Pg 1 of 132   Trans ID: SCP2025511729

John F. Kennedy and Hilda T. Kennedy
2824 Atlantic Ave unit 815
Atlantic City, NJ 08401
Tele: (646)630-5569
jfknycalif@gmail.com

---

**ESQ CAPITAL III LLC**

.

**Plaintiff**

**SUPERIOR COURT OF NEW JERSEY
LANDLORD-TENANT COURT**

ATL-LT-3640.24

V

John F Kennedy and Hilda T Kennedy
Husband and Wife

---

**Defendants**

---

**answer**

This answer comes way of the landlord's failure to provide the tenant with a lease. So the tenants could receive New Jersey share programs and other needs assistance. Additionally, the landlord can not accept rent for the unit not having a working toilet.

**In New Jersey, it is illegal for a landlord to evict tenants in retaliation. <u>Tenants can respond to landlord retaliation by suing for quiet enjoyment of the property or recovering monetary damages</u>**

A rent abatement can occur before a landlord eviction in New Jersey if the landlord fails to maintain the property. In fact, a tenant might use rent abatement as a defense against an eviction if the landlord is failing to maintain habitable conditions or if the tenant is facing a situation that justifies a reduction in rent.

This defendant falls under the legal theory of unclean hands.

Yes, a rent abatement can occur before a landlord eviction in New Jersey if the landlord fails to maintain the property.

Plaintiffs' Landlord, Esq. Capital had a greater duty to maintain the habitability of the premises, including all vital plumbing facilities, and inspect the property regularly pursuant to the Lease Property

Damages









,





## Count. ONE

### *Retaliation*

The retaliation by the defendant is documented, and the cases are clear. Please see the dockets for all actions, including not allowing the plaintiff to have a toilet for over a year, retaliation, fraud, kidnapping, abuse of those under the age of 18; Violation of the power of the President of the United States, John F Kennedy. As explained below. Documents can be in found in; state cases of New Jersey L-001167-15,  L-002208-16, L-003744-21, ATL-L-924-22, L-000351-22,, L-001366-22, ATL-L-001518-22 ATL-LT-003640-24, ATL-L-3015-23 L-002349-24, L-000260-25

Federal court cases regarding laws and actions

- **08-cv-08889-JHR** Document 34 Filed 10/09/24 Page 1 of 42,
- *Pro se* plaintiff Hilda Kennedy ("Plaintiff) brings this action against the State of New Jersey Judiciary ("Defendant") alleging that Defendant is in violation of Title II of the Americans with Disabilities Act ("ADA") and the New Jersey Law Against Discrimination ("NJLAD") **1:2022 cv 05797**
- Document 23 (D.N.J. 2023) **3:23-cv-02603-N-BT** Case 9:23-cr-80101-AMC Document 606 Entered on FLSD Docket 06/07/2024 Page 1 of 8
- **1:24-cv-09270-CPO-SAK**
- A federal case before the U.S. District Court for the District of NJ at docket **1:23-cv-02268**, ESQ CAPITAL III, LLC; Anthony L. Velasquez
- Everything connected to President John F. Kennedy who is under Donald Trump's Presidential Executive Order for John F. Kennedy and his family: Order to give all information about the files of  President John F Kennedy. Which includes all cases including providence and DNA verifies; John F Kennedy is protected by laws guarding the power of the presidency and his executive orders under him and himself with Donald Trump.

The case docket, numbers, and case filing will show the egregious extent to which the New Jersey Civil Court system worked to discriminate and retaliate among others against, John F. Kennedy, Hilda T. Kennedy, William H. Kennedy, and Jessica Nan Berk.

The language in the statute itself supplies sufficient notice to a recipient that it cannot retaliate against those who complain of discrimination: Retaliatory behavior needs to be barred irrespective of whether the underlying claim is based on intent or disparate impact which prohibits intentional discrimination where implicitly prohibits acts of retaliation for complaints about or opposition to discrimination. It is well-settled that neither an agency nor a court need find that the underlying conduct about which the individual complained is discriminatory in order for the retaliation protection to be attached. There is nothing [in the wording of the participation clause] requiring that the charges be valid, nor even an implied requirement that they be reasonable.); "The underlying charge need not be meritorious for the related activity to be protected under the participation clause."): Even if a private plaintiff  such as the ***plaintiffs*** could not file suit for retaliation for challenging disparate impact discrimination, a federal agency receiving a retaliation complaint would, nonetheless, have jurisdiction to pursue the ***retaliation claim***:

- Case 1:08-cv-08889-JHR Document 34 Filed 10/09/24 Page 1 of 42] active, *And*

- *Pro se* plaintiff Hilda Kennedy ("Plaintiff) brings this action against the State of New Jersey Judiciary ("*Defendant*") alleging that Defendant is in violation of Title II of the Americans with Disabilities Act ("*ADA*") and the New Jersey Law Against Discrimination ("*NJLAD*") 1:2022 cv 05797 - Document 23 (D.N.J. 2023). Active, *And*

- IN RE: CASE NO. 23-80101-CR-CANNON-REINHART Case 9:23-cr-80101-AMC    Document 606    Entered on FLSD Docket 06/07/2024    Page 8 of 32, active.

The plaintiffs are the persons whom the recipient has adversely treated for speaking out against the recipient's allegedly discriminatory acts directed toward a member or members of a protected class; Title VI does not require that the retaliation victim also be the victim of the discrimination included in the original complaint or a member of the protected class: The plaintiffs were an "aggrieved" party and fell within the "zone of interests" that the anti-retaliation provision intended to protect: John F. Kennedy, Hilda T. Kennedy, William H. Kennedy, and Jessica Nan Berk defendants who weaponized the legal system against the plaintiffs with their political, money power and the DNA heritage in *Kennedy v. The Trustees of the Testamentary Trust of the Last Will and Testament of President John F. Kennedy DNA* 08-cv-08889-JHR, . Case 9:23-cr-80101-AMC, Document 606, entered on FLSD docket (06/07/2024) from *President Trump* and *Pro se* plaintiff Hilda Kennedy ("Plaintiff) brings this action against the State of New Jersey Judiciary ("*Defendant*") alleging that Defendant is in violation of Title II of the Americans with Disabilities Act ("*ADA*") and the New Jersey Law Against Discrimination ("*NJLAD*") 1:2022 cv 057

Under Title VI, the evidence must show that (1) an individual engaged in the protected activity of which the recipient was aware; (2) the recipient took a significantly adverse action against the individual, and (3) a causal connection exists between the individual's protected activity and the recipient's adverse action. See *Peters*, 327 F.3d at 320; *Emeldi v. Univ. of Oregon*, 673 F.3d 1218, 1223 (9th Cir. 2012); *Palmer v. Penfield Cent. Sch. Dist.,* 918 F. Supp. 2d 192, 199 (W.D.N.Y. 2013); *Kimmel*, 639 F. Supp. 2d at 43; *Hickey v. Myers*, 852 F. Supp. 2d 257, 268 (N.D.N.Y. 2012); *Chandamuri*, 274 F. Supp. 2d at 84

*John Kennedy, William Kennedy*, and *Jessica Berk* witnessed another person being discriminated against: *Hilda T. Kennedy* and *vice versa* in all these cases and more. (Congress intended anti-retaliation provisions to protect both oral and written complaints). The evidence does not have to establish that the underlying act violated Title VI, only that the complainant reasonably and in good faith believed that the acts were discriminatory. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 69-70 (2006); *Peters*, 327 F.3d at 321; *Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir. 1988) ("*plaintiff must demonstrate a 'good faith, reasonable belief that the underlying challenged actions of the employer violated the law*.'").

Retaliation protections thus are extended to those who oppose discrimination against others; *John F. Kennedy, Hilda T. Kennedy, William H. Kennedy,* and *Jessica Nan Berk*; because otherwise, individuals who witness discrimination might be reluctant to speak out against it. *"statutorily protected activity, that the defendants subjected [them] to an adverse employment action, and that a causal connection exists between the two events." Gates v. Caterpillar, Inc.,* 513 F.3d 680, 686 (7th Cir. 2008) (citing *Treadwell v. Office of Ill. Sec'y of State,* 455 F.3d 778, 781 (7th Cir. 2006)). Under this evidence method, a plaintiff must present evidence of discriminatory intent that does not require support from inferences. The plaintiff can also use the second method, indirect proof, which involves the use of circumstantial evidence that the individual's protected activity led to an alleged adverse action, either wholly or in part, in response to the individual's protected conduct. Temporal proximity between the complainant's protected activity and the recipient's adverse actions often is relevant to a determination of causation. *("an adverse action [that] comes so close on the heels of a protected act that an inference of causation is sensible* the timing of the alleged retaliatory action must be 'unusually suggestive' of retaliatory motive before a causal link will be inferred."); *Palmer*, 918 F. Supp. 2d at 199 *(allegation that denial of tenure "swiftly followed" complaint about discrimination supported claim of retaliation).*

VI's prohibition on retaliation extends to third parties, the program beneficiaries such as ***NJ Share*** which may include lower-level recipient employees or participants, organizations with a relationship to the recipient such as contractors, and others such as ***Ce Ce Moore***. Agency Title VI regulations provide that "[n]o recipient or other person" may not retaliate.

Dismissing a civil court action against fraud or sexual abuse when victims can testify or a child is abused easily is retaliation when DNA is available. DNA must be used for egregious acts, not a summary judgment-directed verdict with no discovery.

President John F. Kennedy was a Protected individual of Jewish ancestry and his son is an individual John F. Kennedy is of Jewish ancestry and his mother Marilyn Monroe. was a Native American Apache who is also of Jewish ancestry, they are all protected individuals **08-cv-08889-JHR** *please see DNA.*

John F Kennedy. Despite his parents' objections, his relatives took him away. Certain cases and evidence suggest involvement their John F. Kennedy experienced discrimination due to his lineage both while implementing Donald Trump's executive order and now. Kennedy and his family (in **3:23-cv-02603-N-BT).** It is against the power of the President of the United States John F Kennedy, his rightful will, as explained in Case **1:08-cv-08889-JHR**. There is no statute of limitation against the power of the president in this case of retaliation a *statutorily protected activity*. President John F. Kennedy, who tragically passed away while serving in office, experienced the kidnapping of his son during his tenure.

Case 3:23-cv-02603-N-BT Document 34 Filed 07/08/24 Page 6 of 39 PageID 602

 Gmail

Hilda Kennedy <hildatkennedy@gmail.com>

**CIVIL DOCKET FOR CASE #: 3:23-cv-02603-N-BT Kennedy v Garcia**

**Padis, George (USATXN)** <George.Padis@usdoj.gov>                   Tue, Feb 27, 2024 at 1:04 PM
To: Hilda Kennedy <hildatkennedy@gmail.com>

Hi Hilda,

Thanks for reaching out. I look forward to working with you all on this matter (although, of course, I represent the Secret Service as their attorney of record and not your or your husband's attorney). If you all do obtain a lawyer to represent you, please let me know.

You can list the Secret Service as unopposed to a motion for a 14-day extension for your response to the Secret Service's motion to dismiss.

Best,

George

George M. Padis

Assistant U.S. Attorney

(214) 659-8645

[Quoted text hidden]

The plaintiffs have to stand to sue for retaliation under Title IX although the discrimination that was the subject of Hilda Kennedy's, John F Kennedy's, William Henry Kennedy's, and Jessica Nan Berk's original complaint is not one of them but all of them individually but more. The recipients faced negative repercussions for protesting alleged discrimination against members of a protected class. Title VI does not require that the victim of retaliation also be the victim of the discrimination cited in the original complaint or a member of the protected class. Thompson v. N. Am. Stainless, 562 U.S. 170, 177 (2011). The plaintiff was an "aggrieved" party and fell within the "zone of interests" that the anti-retaliation provision intended to protect. See also Jackson, 544 U.S. at 179

In case, L-003015-23, Judge *WALCOFF* was the judge in the case and Judge *PORTO* took over the case to deny a fee waiver to the Defendants for interrogatories concerning the will and testamentary trust of  President John F Kennedy and Marilyn Monroe. The Kennedys submitted the filing fee two months late due to a lack of resources. Despite this, the court accepted it, leading one to believe a fee waiver was possible and denied anyway.

Judge *PORTO* dismissed all plaintiffs' cases with prejudice,  usually,  on the record, without conducting discovery or oral arguments in the related cases. This is federal retaliation. There is a causal connection between the individual's protected activity and the recipient's adverse action. ***Please see*** Hilda Kennedy against the State of New Jersey, *Kennedy v. The Trustees of the Testamentary Trust of the Last Will and Testament of President John F. Kennedy DNA* 08-cv-08889-JHR**,** and the courts in these complaints**.**

Judge *WALCOFF* did not consider or accept oral arguments after Judge *PORTO* decided to deny the fee waiver and compel in case 1:2022 cv 05797, on circuit appeal .

Judge *WALCOFF* extended the discovery for half a year after Hilda requested an expedited trial due to Hilda's health (93) without oral arguments that were requested which is against the law. Hilda Kennedy, who has broken several teeth and a broken leg, did not have a functioning toilet in her apartment for a year due to denial from her landlord, plumber, and Brighton Tower which was the reason for the injury.  This is retaliation at its most basic. Additionally, she fell ill due to a painful mouth infection, enduring ongoing distress for herself and her family. Whenever Hilda Kennedy sustains an injury, she experiences difficulties associated with her age.

The defendants in L-003015-23 and their attorneys entertained Judge *WALCOFF*  summary judgment for the **third time**. This abuse of process is a cause of action for retaliation for all the parties and their attorneys involved.

In another case in connection:

- Judge *WALCOFF*   had a Summary Judgments on **ATL-L-001518-22 2024-04-15 19:22:27.764 Pg 1 of 40 Trans ID: LCV2024966612  to** Jessica Berk

- Judge *WALCOFF* had **another** Summary Judgment. **ATL-L-001518-22 2024-05-16 12:11:09.180 Pg 1 of 39 Trans ID: LCV20241246680** Judge *WALCOFF* **filed two summary judgments and said Jessica Berk will not win (please see audio of oral arguments.**

- *("an adverse action [that] comes so close on the heels of a protected act that an inference of causation is sensible*the timing of the alleged retaliatory action must be 'unusually suggestive' of retaliatory motive before a causal link will be inferred."); *Palmer*, 918 F. Supp. 2d at 199 *(allegation that denial of tenure "swiftly followed" complaint about discrimination supported claim of retaliation).*

The defendants some of which are elderly individuals, disabled persons, Apache natives, and Jewish individuals who are indigent are protected under federal laws. They are not able to afford an appeal because of the bad actors, which constitutes a federal retaliation case. And the court knows it by denying fee waivers as an explanation. The court is unable to issue a ruling as the defendants lack the financial resources to file a motion,  because of this denial resulting in the denial of their request and rights.

This is the Wild Wild West of summary Judgment as shown below in this article that explains that you cannot have more than one summary judgment and you cannot have a late reconsideration (over a year) of a summary judgment as the court and the defendants are doing now with the judge after the John F Kennedy DNA was recovered and related cases:

By *Iram P. Valentin*

Most attorneys in New Jersey are familiar with *Brill v. Guardian Life Ins. Co. of Am.,* 142 N.J. 520 (
1995). In fact, a reference to *Brill* in the "Standard of Review" section of the typical summary judgment brief is customary, if not trite. Nearing the 30th anniversary of the Supreme Court's decision in *Brill*, a reflection of its efficacy seems fitting.

In *Brill,* the New Jersey Supreme Court found that when read together, a series of U.S. Supreme Court cases dealing with summary judgment—*Matsushita Elec. Indus. v. Zenith Radio*, 475 U.S. 574 (1986), *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986), and *Celotex v. Catrett*, 477 U.S. 317 (1986)—adopted a standard that requires a motion judge to engage in an analytical process similar to that necessary to rule on a motion for a directed verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law … That weighing process requires the court to be guided by the same evidentiary standard of proof—by a preponderance of the evidence or clear and convincing evidence—**that would apply at the trial on the merits when deciding whether there exists a 'genuine' issue of material fact."**

The *Brill* court explained that "[t]he only distinction between 1) a directed verdict at the end of plaintiff's case pursuant to Rule 4:37–2(b), 2) a directed verdict pursuant to Rule 4:40–1 after all the evidence has been presented, 3) a judgment notwithstanding the verdict pursuant to Rule 4:40–2, and 4) a summary judgment that allows a Rule 4:37–2(b) weighing of evidence to determine if a genuine issue of material fact exists, is that summary judgment motions are generally decided on documentary evidential materials, while the directed verdicts are based on evidence presented during a trial." The *Brill* court held that the essence of the inquiry in each is the same: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." The *Brill* court commented that "[m]easured by that standard, a dismissal under Rule 4:37–2(b), Rule 4:40–1, Rule 4:40–2 or for failure to allege or prove a prima facie case, does not unduly intrude into the province of the jury." Specifically, "In those instances, there simply is no issue to be decided by a jury based on the evidence. A jury resolves factual, not legal, disputes. If a case involves no material factual disputes, the court disposes of it as a matter of law by rendering judgment in favor of the moving or non-moving party on the issue of liability or damages or both. Thus, the right of trial by jury remains inviolate."

The *Brill* court stressed that the import of its holding was "that when the evidence 'is so one-sided that one party must prevail as a matter of law,' the trial court should not hesitate to grant summary judgment." The *Brill* court noted that the following from *Judson*, supra, was worth repeating:

"If these general rules are applied by the courts with discernment and care, the summary judgment procedure, without unjustly depriving a party of a trial, can effectively eliminate from crowded court calendars cases in which a trial would serve no useful purpose and cases in which the threat of trial is used to coerce a settlement."

*Brill* declared: "The thrust of today's decision is to encourage trial courts not to refrain from granting summary judgment when the proper circumstances present themselves." In considering whether judges would be inclined to deny summary judgment out of fear of reversal, the court stated: "Some have suggested that trial courts out of fear of reversal, or out of an overly restrictive reading of *Judson,* supra, … or a combination thereof, allow cases to survive summary judgment so long as there is any disputed issue of fact. As to fear of reversal, we believe our judges are made of sterner stuff and have sought conscientiously over the years to follow the law."

Thus, there is a clear mandate in *Brill* to not only enter summary judgment "when the evidence 'is so one-sided that one party must prevail as a matter of law,'" but also to "encourage trial courts not to refrain from granting summary judgment when the proper circumstances present themselves." In fact, Rule 4:46-2(c) directs: "The judgment or order sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." That rule also allows for the entry of judgment on any issue in the action. Therefore, summary judgment provides a mechanism by which courts can efficiently adjudicate matters, as necessary.

So, how have the courts treated summary judgment since *Brill*? The New Jersey judiciary publishes reports on its website by court year, but the statistics only concern the period of July 1, 2004 through 2022. During that 20-year period, summary judgment has not been a factor, at least statistically. **For example, in that timeframe, there were 31,597 motions for summary judgment decided. Out of those, only 2.16% were granted, or roughly 682 out of the 31,597 applications**. Conversely, almost 98% of the applications were denied. Also, during that time, there were 19,463 jury trials and 6,950 non-jury trials held in New Jersey, for a total of 26,413 trials. At a disposition rate of 2.16%, it can be safely concluded that the entry of summary judgment in New Jersey civil cases is very rare.

Should that be the case, though? Considering the significant costs and investment of time required to prepare, oppose and argue a summary judgment application, it is a fair question. However, the statistics are only useful to a very general extent. For example, they are not predictive of what a judge will do when presented with specific facts and legal arguments within the context of a unique case. The odds of prevailing on summary judgment in a particular case can increase dramatically based on the facts and law of a particular case, indicating that the percentage chance of prevailing on such an application can conceptually be significant.

*Brill* suggests that there is more room for the use of summary judgment to dispose of cases. For example, a lesson imparted by *Brill*, which it took from *Judson*, is that summary judgment can be effectively employed without unjustly depriving a party of a trial. The objective should be to "eliminate from crowded court calendars cases in which a trial would serve no useful purpose and cases in which the threat of trial is used to coerce a settlement." Disposing of these cases on summary judgment would alleviate the strain on court dockets.

In addition, *Brill* reminded courts to be aware of the distinction between finding any question of fact and finding a genuine issue of material fact requiring submission to a factfinder for determination.

The court explained, "By its plain language, Rule 4:46–2 dictates that a court should deny a summary judgment motion only where the party opposing the motion has come forward with evidence that creates a 'genuine issue as to any material fact challenged.' That means a non-moving party cannot defeat a motion for summary judgment merely by pointing to any fact in dispute." Thus, the existence of questions of fact is not dispositive. There must exist a genuine issue of material fact requiring submission to a factfinder for determination. The court determines whether such material issues of fact exist by evaluating, analyzing and sifting through the evidential material.

Further, *Brill* teaches that summary judgment can even be granted where the parties serve competing expert reports. It should be noted that *Brill* was an insurance broker malpractice case in which the Supreme Court, in the face of an expert report stating that the insurance broker defendants were not liable, nevertheless affirmed the award of summary judgment to the plaintiff. Therefore, *Brill* supports the proposition that even within the summary judgment context, the existence of an expert report is not sufficient to withstand summary judgment, particularly where the "facts" relied upon an expert are incorrect, or where the expert's opinion is found to be a net opinion.

In conclusion, the thrust of the Supreme Court's decision in 1995, was to "encourage trial courts not to refrain from granting summary judgment when the proper circumstances present themselves." Based on the statistics, the proper circumstances appear to rarely arise, which still leaves the question, is summary judgment dead? Not quite. However, the *Brill* decision presents the argument that it may be underutilized.

### Count 2, 4, and 3

### Fraud, a Fraudulent concealment and Federal Civil Conspiracy, all parties

My sister and her family and my family, the Kennedys have known of my existence since I was born. I am the youngest of the family the grandson, this is a crime against my father President John F. Kennedy and my mother Marilyn Monroe, and me as a abused child and as a protected person of the son of President John F. Kennedy with his presidential powers.

This is fraud against the Trustees of President John F. Kennedy's and their attorneys Marcy Harris, Yocheved Cohen, Martin L. Edelman, Harlan A. Levy, Caroline Kennedy Bouvier Schlossberg, and Edwin Schlossberg. Marcy Harris and Yocheved Cohen were aware that they had misled the federal court. They were obligated to uphold the testator's last will and Testamentary Trust. Defrauding John F. Kennedy's rights pertaining to the circumstances of his birth.

The representation was made by officers of the court, including the defendants and their attorneys' trustees, who have a duty to promote justice and uphold the law as it pertains to the judicial machinery itself. This occurs when the court is compromised, such as in cases involving trustees and lawyers of President John F. Kennedy, who are officers of the court engaged in misrepresentation. The representation was intentionally false, willfully blind to the truth, and made in reckless disregard for the truth. This includes any person the trustees who knows the representation was false or who reasonably knew or should have known the representation was false. The rational person principle states that a reasonable person would know that making false statements constitutes fraud on the court the ---person hides the fraud when he or she knows or should disclose the truth. Finally, the court has been deceived years after the repercussions of such deceit can be severe. Legal consequences may affect not only the individual who committed the fraud but also any parties who were complicit or failed to act on the truth when it was known. President John F. Kennedy's power of the President is the law

An action in deceit will not lie for nondisclosure. This is an actionable fraud; the plaintiff shows that the defendant had a duty to disclose the relevant fact. John F Kennedy was abducted.

Concerning fraudulent concealment, a duty to disclose arises from the relationship of the parties. For my parents and my family and I and our attorney's fiduciary relationship, for instance, gives rise to a duty of disclosure: A duty to disclose may also arise where the parties enjoy a "special relationship," that is, where a party reasonably imparts special confidence in the defendant and the defendant would reasonably know of this confidence. A party's superior knowledge thus imposes a duty to speak in certain transactions, depending on the parties' relationship. "Nondisclosure will become the equivalent of fraudulent concealment when it becomes the duty of a person to speak in order that the party with whom he is dealing may be placed on an equal footing with him.". Even when the parties are dealing at arm's length, a duty to disclose may arise from "the existence of material facts peculiarly within the knowledge of the party sought to be charged and not within the fair and reasonable reach of the other party."

In this federal civil conspiracy case, individuals agree on unlawful actions that harm a third party. The defendants face civil liability, potentially leading to financial compensation for damages instead of criminal penalties: The defendant agrees to engage in an unlawful act that harms a third part; The victim is suing the conspirators for damages. The defendants made an express agreement with another to commit wrong.

**Count 4, 5, 6, 7, 8, 9, and 10 on all parties.**

New Jersey attorneys must ensure that their filings are factually and legally sound and not intended for harassment or delay.

The landlord and his attorney; **ESQ CAPITAL III LLC, VELASQUEZ, ANTHONY** took advantage of a disabled person and protected individuals ( ATL-LT-003640-24 ((please also see this filing)) 3:23-cv-02603-N-BTNotice of Electronic Filing The following transaction was entered on 3/28/2025 12:03 PM CDT and filed on 3/28/2025)

The amount due is false, certification of landlord and attorney is false. This case was unnecessary. Everything about this case is fraudulent. The defendants, their attorney, and the judge entered the trial with incorrect information and have not disclosed this fact to the court up to this point. Moreover, they are requesting legal fees. The Integrity of the Court's process by entering statements into evidence that were known to be false and then citing them uncritically to the court and landlord to convince the court that *Shares[1]* and landlord actions were legal and that plaintiffs were not at risk of imminent harm.

The **judge** put the case in limbo and did not give the plaintiffs a chance to go to a habitable trial as retaliation for all the other actions in connection to cases discriminating against these individuals for retaliation of protective persons. Civil Obstruction of Justice and Clerk #1 This case is aware of the cases in all cases of the New Jersey Judiciary System and all the Kennedy cases shown above.

- In this retaliation.
- New Jersey Law guarantees the right to quiet enjoyment, which cannot be waived even without a written lease. In other words, you are required to maintain your property in habitable condition and respond to problems that reduce livability no matter what kind of lease agreement you have.  The plaintiffs now are suing **ESQ CAPITAL III LLC, VELASQUEZ, ANTHONY** Fraud
- Federal Civil Conspiracy and are quite enjoyment New Jersey Law Prohibits
- Discrimination in Housing **Disability**
- **Source of Lawful Income or Source of Lawful Rent Payment**
- A Order Restraining Unlawful Discrimination,
- Reimbursement for Financial Loss,
- Damages for Pain
- Humiliation Experienced as a Result of Unlawful Discrimination,
- Punitive Damages,
- and Attorney's Fees.

Violations should be reported to the nearest office of the NJ Division on Civil Rights at 866-405-3050 (Toll-Free) or online at www.NJCivilRights.gov

---

[1] Defendants asked for help with rent. They faced discrimination.

4/13/25, 12:28 PM                                    Gmail - LT-3640-24

 Gmail                                    John F. Kennedy <jfknycalif@gmail.com>

**LT-3640-24**
1 message

**James Mcclain** <james.mcclain@njcourts.gov>                    Fri, Mar 7, 2025 at 6:15 PM
To: "jfknycalif@gmail.com" <jfknycalif@gmail.com>, "AVELASQUEZ@TRYKO.COM" <avelasquez@tryko.com>
Cc: Daniela Saraniti <daniela.saraniti@njcourts.gov>, Jennifer Haig <jennifer.haig@njcourts.gov>, Sharon Spates
<Sharon.Spates@njcourts.gov>, Theodore Jablonoski <theodore.jablonoski@njcourts.gov>, Webster Knight
<webster.knight@njcourts.gov>

Attached please find the latest management order in the matter listed above.


James P. McClain, J.S.C.

Atlantic County Civil Courthouse

1201 Bacharach Blvd.

Atlantic City, NJ 08401

Chambers: 609-402-0100, ext. 47830

Chambers Fax: 609-343-2265

---

📄 **ESQ CAPITAL V KENNEDY  MGT ORDER LT-3640-24.doc**
    35K

*James P. McClain's cancel the trial: "statutorily protected activity, that the defendants subjected [them] to an adverse employment action, and that a causal connection exists between the two events." Gates v. Caterpillar, Inc.,*

**Court Prepared**

| | |
|---|---|
| ESQ CAPITAL III, LLC, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION - SPECIAL CIVIL PART |
| Plaintiff(s), | ATLANTIC COUNTY |
| | DOCKET NO. ATL-LT-3640-24 |
| VS. | *Civil Action* |
| JOHN F. KENNEDY, | |
| HILDA T. KENNEDY, | **MANAGEMENT ORDER** |
| Defendant(s). | |

The parties in this matter having appeared before the Court on March 7, 2025 for hearings on Plaintiff's motion for reconsideration and Defendants' order to show cause and for good cause shown,

**IT IS** on this 7ᵗʰ day of March, 2025, **ORDERED:**

1. The parties shall submit any additional materials and briefs in support of their respective positions by March 14, 2025;

2. The parties shall submit any response to such additional materials by March 21, 2025;

3. All materials shall be submitted via filing in ecourts and by email to daniela.saraniti@njcourts.gov .

/s/ James P. McClain
JAMES P. McCLAIN, J.S.C.

SUPERIOR COURT OF NEW JERSEY - eCOURTS

The following notice is sent from eCourts

| | |
|---|---|
| Plaintiff Name: | ESQ CAPITAL III LLC |
| Defendant Name: | JOHN F KENNEDY, HILDA T KENNEDY |
| Case Caption: | ESQ CAPITAL III LLC VS KENNEDY JOHN F |
| Case Number: | ATL-LT-003640-24 |
| Docket Text: | The "Trial" Proceeding for ATL-LT-003640-24 scheduled for 03/21/2025 has been: "Scheduled In Error" |
| Transaction ID: | SCP20251148851 |

**Notice has been electronically mailed to:**
Plaintiff Attorney     ANTHONY LOUIS VELASQUEZ          AVELASQUEZ@TRYKO.COM
                                                                                    JSLOCUM@TRYKO.COM
                                                                                    JRAFFERZEDER@TRYKO.COM
Defendant                 KENNEDY, JOHN, F                          JFKNYCALIF@GMAIL.COM

**Notice was not electronically mailed to:**
Defendant                 HILDA T KENNEDY                          2834 ATLANTIC AVENUE, APT. 815, ATLANTIC CITY, NJ 08401

Login to eCourts to view the case jacket. You will need a valid user ID(Bar ID) to view the submitted documents.

For questions, please contact the Superior Court Special Civil Part in county of venue..

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

**Count 11**
**John F. Kennedy, Hilda T. Kennedy and William H. Kennedy**
**except for the New Jersey Judiciary System**
RICO

This establishes liability, and legal recourse for Hilda T. Kennedy John F. Kennedy, and William H. Kennedy harmed by the activities of an organization engaged in a pattern of racketeering or corruption. A broad spectrum of fraudulent activities, including the RICO Act extends liability beyond the individuals who directly perpetrate illegal acts, to include those who own or manage organizations that are used to facilitate such activities. This has far-reaching implications, enabling Kennedy to hold powerful entities accountable for their involvement in organized crime.

The plaintiffs show the existence of a " enterprise", partnership, corporation, association, or any other legal entity. This enterprise is an ongoing organization with a common purpose as explained in this lawsuit. The plaintiffs demonstrate a pattern of racketeering activity, involving fraud within a specified timeframe **on going.** Predicate acts encompass.  a **culpable person** with the requisite *mens rea*, **articipation in the Enterprise**  It's necessary to establish that the defendant had a part in the operation or management of the enterprise. This participation may involve conducting the enterprise's affairs through a pattern of racketeering activity.

The plaintiff demonstrates a direct causal relationship between the defendant's participation in the enterprise and their injury. Showing that the defendant's racketeering activity was a proximate cause of their harm: *kidnapping, sexual abuse, and fraud*. The plaintiff proved that they suffered an injury to their property **as well** as a result of the RICO violation. The om financial losses and damage to other tangible harm. **T**he plaintiff establishes that they have standing to bring a RICO claim. This the plaintiff was directly harmed by the RICO violation with actual as seen in analysis see.

The Supreme Court, in National Organization for *Women, Inc. v. Scheidler* (*NOW v. Scheidler*), ruled that RICO, the Racketeer Influenced and Corrupt Organizations Act, does not require that a racketeering enterprise or predicate acts of racketeering be motivated by an economic purpose.

ATL-L-003744-21   10/30/2024 4:26:24 PM   Pg 1 of 1   Trans ID: LCV20242841449



COOPER LEVENSON
ATTORNEYS AT LAW

1125 Atlantic Avenue – 3rd Floor
Atlantic City, NJ 08401
Phone (609) 344-3161
Toll Free (800) 529-3161
Fax (609) 344-0939
www.cooperlevenson.com

Direct Phone: (609) 572-7464
Direct Fax: (609) 572-7465

**RONA ZUCKER KAPLAN**
EMAIL: rkaplan@cooperlevenson.com

FILE NO. 45298/00124

October 30, 2024

*Via eCourts*

Honorable John C. Porto, P.J. Cv.
Atlantic County Superior Court
1201 Bacharach Blvd.
Atlantic City, NJ  08401

Re:  John Fitzgerald Kennedy & Hilda Tobias Kennedy v. Cooper Levenson & Randolph C.
Lafferty; ATL-L-3744-21
Response to Plaintiffs' Notice of Motion to Fraud on the Court, renamed by E-courts as
Motion for Reconsideration.
Return Date: November 22, 2024.

Dear Honorable Sir:

Plaintiffs filed a document entitled "Notice of Motion to Fraud on the Court." Even if everything said in the Motion is true, its substance does not impact the allegations in this lawsuit or the decision of the Court.

For that reason, Plaintiffs' Motion should be denied.

Respectfully yours,

Rona Zucker Kaplan, Esquire

RZK
cc:    John F. Kennedy and Hilda T. Kennedy *(Via eCourts)*

NEW JERSEY | DELAWARE | NEVADA | FLORIDA | NEW YORK | PENNSYLVANIA

## PREPARED BY THE COURT

| | |
|---|---|
| JOHN FITZGERALD KENNEDY and HILDA TOBIAS KENNEDY, Husband and Wife, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION ATLANTIC COUNTY |
| Plaintiffs, | |
| v. | DOCKET NO.: ATL-L-3744-21 |
| COOPER LEVENSON, RANDOLPH LAFFERTY, | CIVIL ACTION |
| Defendants. | **ORDER** |

**THIS MATTER**, having come before the Court upon the application of Rona Zucker Kaplan, Esquire, of the law firm Cooper Levenson, P.A., attorneys for Defendants, upon due notice to Plaintiffs and the Court considered the pleadings, certifications, and other moving papers and for good cause shown:

**IT IS** on this 17th day of December 2024, **ORDERED** that

1. Defendants' motion to dismiss Plaintiffs' complaint with prejudice is hereby granted for reasons stated on the record.

**IT IS** further ORDERED that the within Order shall be served on the Plaintiffs by regular mail and certified mail - RRR simultaneously with its online posting to E-Courts.

_____
Honorable John C. Porto, P.J.Cv.

☒ Motion Opposed
☐ Motion Unopposed

.

### Count 12, 13, 14, 15, and 17

The Kennedy family's **federal election interference**, embarrassment, ADA denial, obstruction of justice, and retaliation

In case L-002349-24, Judge *Paolne* denied fee waivers for the motion to file a late claim [LCV20243062151], by ignoring financial documents publicly. The fee was required after the motion. – This is federal election interference and a cause of action for embarrassment in the public. Unbelievably this is an interference inside of an interference. This is another cause of action for federal election interference, discrimination, embarrassment, ADA denial, and retaliation: The Plaintiffs have disabilities. Hilda Kennedy is legally blind et. William Kennedy had an aneurysm at the time of the late filings because of election interference. The filings give a detailed explanation of the disabilities in the docket—a federal case 24-cv-09270-CPO-SAK. The plaintiffs filed a fee waiver by all. The application submitted by the Kennedy family was rejected instead of denied, and the related documents are currently missing. The Kennedy family is unable to afford an appeal with the transcript, which constitutes a case of federal retaliation due to the court's decision to reject it rather than deny or destroy it,  this is federal election interference. The court is unable to issue a ruling as the defendants lack the financial resources to file a motion, because of this denial resulting in the denial of their ADA requests and rights. ("an adverse action [that] comes so close on the heels of a protected act that an inference of causation is sensible the timing of the alleged retaliatory action must be 'unusually suggestive' of retaliatory motive before a causal link will be inferred."); Palmer, 918 F. Supp. 2d at 199 (allegation that denial of tenure "swiftly followed" complaint about discrimination supported claim of retaliation).

Judge *Paolne* was the judge in this L-000924-22 Judge *PORTO made a summary judgment without any discovery against this case as it is explained in the federal complaint on an appeal. Pro se* plaintiff Hilda Kennedy ("Plaintiff") brings this action against the State of New Jersey Judiciary ("Defendant") alleging that Defendant is in violation of Title II of the Americans with Disabilities Act ("ADA") and the New Jersey Law Against Discrimination ("NJLAD") **1:2022 cv 05797**. Judge *PORTO h*as had a look of disgust when dealing with Hilda Kennedy and John F Kennedy it is documented in federal courts and here. Judge *PORTO  denied fee waivers.*  One case in one case allowed fee. A member of the protected class: The plaintiffs were an "aggrieved" party and fell within the "zone of interests" that the anti-retaliation provision intended to protect.

*(Obstruction of justice, in general, refers to any effort to prevent the execution of a lawful process or the administration of justice, whether in a criminal or civil matter. Interfering with Civil Proceedings: Civil obstruction of justice specifically targets actions that disrupt or impede civil legal processes, such as lawsuits, investigations, or court orders. Examples of Civil Obstruction: Destroying or concealing evidence: Intentionally destroying, altering, or hiding documents, records, or other evidence relevant to a civil case.)*

**Cindy, Delossantos** in his official capacity Atlantic City Clerk #2 destroyed my filings in court in the docket that were not filed but email.

ATL-L-002349-24  11/12/2024  Pg 1 of 2  Trans ID: LCV20243021536

**NOTICE:** This is a public document. Do not enter personal identifying information on it, such as your full Social Security number, driver's license number, insurance policy number, vehicle plate number, active financial account, credit card number or military status. This document as submitted will be available to the public upon request.

Name William H Kennedy

Address 2834 Atlantic Ave, Apt 815

ATLANTIC City, NJ 08401

Telephone Number 646 648 3580

Email Address jfknycalif@gmail.com

|  |  |
|---|---|
| Atlantic City | Court of New Jersey |
| Atlantic ▾ | County (if applicable) |
| Docket Number: | |

William Henry Kennedy                                         ,

_____

Plaintiff(s)/Appellant(s),

v.

in the matter of leave to file late notice of claim

_____ ,

Defendant(s)/Respondent(s).

**Certification/Petition/Application in Support of a Fee Waiver**

I/We, William Henry Kennedy _____, am/are the

(■ plaintiff(s)/ ☐ appellant(s)/ ☐ defendant(s)/ ☐ respondent(s)) in the above-captioned matter/and I/we make this certification in support of my/our request for a filing fee waiver pursuant to *Rule* 1:13-2 or *Rule* 2:7-1.

1. I/We am requesting this relief because I/we do not have sufficient funds or assets with which to pay the filing fees associated with this action.

2. I/We, ☐ am/ ☐ am not/ ☐ are/ ■ are not  an inmate in State prison or County Jail.*

*Attachments necessary: If you are a state prison or county jail inmate, you must attach a certified copy of your prisoner's fund account statement from the appropriate correctional institution for the six months immediately preceding the date of this application. If you are requesting a waiver of the partial filing fee requirement set forth in *N.J.S.A.* 30:4-16.3, you must attach an affidavit of special circumstances.*

3. I have been determined to be eligible for one or more of the following: (Check applicable boxes)

   ■ Public Assistance (please provide your most recent award statement as proof of eligibility);
   ☐ Social Security Disability (please provide your most recent award statement as proof of eligibility)

4. Below is an accurate and full disclosure of my financial situation. I financially support _____ dependents (not including myself). (A dependent is an individual who is a child or relative who resides in the home and relies you for more than half of his/her support for any given calendar year)

   **Attachments necessary:**
   **Provide two months of documentation for the following:**
   • Welfare, Public Assistance, Unemployment, Disability, Social Security, Child Support/Alimony, other income.

   **Provide six months of bank statements for the following:**
   • All bank accounts.

5.  I/we  ■ am/ ☐ am not/ ☐ are/ ☐ are not  claimed as a dependent on someone else's tax return

Employer's Name, Address and Telephone Number:

**Complete the Following Information:**

| | | | | |
|---|---|---|---|---|
| Net Monthly Income | $ | 0.00 | House(s)/Land Market Value | $ |
| Spousal/Cohabitant Contribution | $ | | Value of All Motor Vehicles | $ |
| Unemployment/Disability | $ | | Cash | $ 400.00 |
| Social Security | $ | | Current Balance Checking Accts. | $ |
| Veterans Administration | $ | | Current Balance Savings Accts. | $ |
| Pension | $ | | Civil Judgment Awards/Pending | $ |
| Public Subsidies | $ | | Current Value of Stocks/Bonds | $ |
| Child Support/Alimony | $ | | Face Value of CDs/IRAs/401Ks | $ |
| Housing Subsidies | $ | | Money Market Accounts | $ |
| Trust Fund Income | $ | | Retrievable Bail Amt. & Location | $ |
| Income from Rental Properties | $ | | | |
| | | | Other Assets | $ |
| **Total Monthly Income** | **$** | **0.00** | **Total Assets** | **$  400.00** |

6.  I/We understand that I/we am/are under a continuing obligation to notify the court of a change in my financial situation

## Certification

I/We certify that the foregoing statements made by me/us are true.  I/We am/are aware that if any of the foregoing statements made by me/us are willfully false, I/we am/are subject to punishment.

I/We further certify that in accordance with Court *Rule* 1:38-7(b) all confidential personal identifiers have been redacted and that subsequent papers submitted to the court will not contain confidential personal identifiers.

11/07/2024
Date

William Henry Kenendy
Print your name(s)

Signature(s)

**NOTICE:** This is a public document. Do not enter personal identifying information on it, such as your full Social Security number, driver's license number, insurance policy number, vehicle plate number, active financial account, credit card number or military status. This document as submitted will be available to the public upon request.

Name  John F Kennedy

Address  2834 Atlantic Ave unit 813

Telephone Number  (646)630-5569

Email Address  jfknycalif@gmail.com

John F Kennedy                                    ,

_____

Plaintiff(s)/Appellant(s),

v.

ESQ CAPITAL III LLC

ABC Partnership, DEF Corporation, and XYZ

Defendant(s)/Respondent(s).

Atlantic City          Court of New Jersey

Atlantic  ▼  County (if applicable)

Docket Number:    **ATL-C-9-25**

**Order Waiving Filing Fees**

This matter having been brought before the court on application of John F Kennedy                ,
(■ plaintiff(s)/ ☐ appellant(s)/ ☐ defendant(s)/ ☐ respondent(s)) for an **Order** waiving filing fees
pursuant to *Rule* 1:13-2 or *Rule* 2:7-1, and the Court having considered the moving party's financial
information, the matter and for good cause appearing:

**(Do not write below this line, For Court Use Only)**

It is on this  **7ᵗʰ**  day of     **February**     , 20 **25** , **ORDERED** that the application for a fee waiver is

■ **Granted**  ☐ **Denied**

_____

**M. SUSAN SHEPPARD, P.J. Ch.**

i

Docket Number:  ATL L 000924 - 22

Back

Create Summary Report

**Case Caption:** Kennedy Hilda Vs E.S.Q. Capital Iii L Lc
**Court:** Civil Part
**Case Type:** Law Against Discrimination (Lad) Cases
**Case Track:** 3
**# of Discovery Days:** 450
**Original Discovery End Date:**
**Original Arbitration Date:**
**Original Trial Date:**
**Disposition Date:** 06/16/2022

**Venue:** Atlantic
**Case Status:** Closed
**Judge:** Ralph A Paolone

**Current Discovery End Date:**
**Current Arbitration Date:**
**Current Trial Date:**
**Case Disposition:**
Dismissed By Court With Prejudice

**Case Initiation Date:** 03/16/2022
**Jury Demand:** None
**Team:** 203
**Age of Case:** 00 YR 00 MO
**Consolidated Case:** N
**# of DED Extensions:** 0
**# of Arb Adjournments:** 0
**# of Trial Date Adjournments:** 0
**Statewide Lien:**

| | | | | | |
|---|---|---|---|---|---|
| 07/08/2022 | 📎 | ✉ | Order For Indigency - DENIED by Judge PORTO, JOHN, C | LCV20222580189 | 07/13/2022 |
| 07/08/2022 | 📎 | ✉ | Order For Indigency - DENIED by Judge PORTO, JOHN, C | LCV20222580309 | 07/13/2022 |
| 07/08/2022 | 📎 | ✉ | Order For Indigency - DENIED by Judge PORTO, JOHN, C | LCV20222580387 | 07/13/2022 |

**Count 18** all parties.

**RITZ CARLTON CONDOMINIUM ASSOCIATION**
ADA requires me to have access to my wheelchair in my apartment.
I am unable to use my wheelchair in my apartment.  And the darkest and other filings explain this kind of discrimination and retaliation.

The Kennedys engage in this case.

<u>*Because of my emotional state, I need extra time exterminator as an ADA ADA request.*</u>

Defendant Jessica Berk will provide any other maintenance person, and/or their representatives, and/or agents with access to Unit 1511 for purposes of ensuring the health and safety of all unit owners, guests, and/or employees of the Ritz.

<u>*ADA requires me to have access to my wheelchair. If it is not this is an ADA violation i am scheduled for a trial on this issue*</u>

Defendant Jessica Berk will cease leaving her wheelchair in hallways and common areas so as to create a hazard to unit owners, guests, and employees of the Ritz in violation of the Master Deed, Rules, By-Laws, and/or The Condominium Act.

Rule Changes:

- New Jersey HOA laws generally allow for rule changes, but there's a question of whether those changes can retroactively apply to properties purchased under a prior set of rules. This is where the concept of "grandfathering" comes into play.

- If a homeowner argues that a new rule shouldn't apply because it was not in place when they bought the property, the HOA may seek legal action to enforce the rule.

- Conversely, the homeowner may also take legal action to challenge the HOA's attempt to enforce the new rule, potentially arguing that it constitutes a breach of contract or is otherwise unfair, according to the New Jersey Condo Blog.

  I do not have to pay any legal fees for any lawsuit done after this law existed "grandfathering"

Jessica Berk
2715 Boardwalk, APT 1511
Atlantic City, New Jersey 08401
pridestreet@gmail.com

| | |
|---|---|
| **RITZ CONDOMINIUM ASSOCIATION** | SUPERIOR COURT OF NEW JERSEY |
| *Plaintiff,* | ATLANTIC COUNTY CHANCERY |
| | DIVISION GENERAL EQUITY |
| v. | DOCKET NO. ATL-C-71-24 |
| **JESSICA BERK** | |
| *Defendant(s).* | |

Dear Honorable Court;

My cat, Jessica Berk, has passed away. This loss has affected me emotionally.  My cat died unexpectedly, and I believe it may have been poisoned. Cats can serve as emotional support animals, offering comfort and companionship to individuals dealing with mental or emotional challenges. Any cat has the potential to fulfill this role.  I kindly request an adjournment at this time.

"Defendant Jessica Berk will provide Plaintiff and/or their representatives, and/or agents with access to Unit 1511 to determine whether Unit 1511 has violated the Master Deed, Rules, By-Laws, and/or The Condominium Act.:

<u>*Yes*</u>

Defendant Jessica Berk will provide an exterminator, and/or their representatives, and/or agents with access to Unit 1511 for purposes of exterminating any rodents, insects, and/or other creatures which pose a risk to the health and safety of all unit owners, guests, and employees of the Ritz.

**I respectfully request the opportunity to present oral arguments in this matter.**

**I did not receive any paperwork before the last court date.**

The Ritz knows that I was passing out recently and I am  disable.

Thanks.

*Jessica Non Berk*

ATL-C-71-24 Ritz Condo v Berk

**1:23-cv-01877-ESK-MJS**

## STANLEY MARAGOUDAKIS



**These filings illustrate instances of retaliation.  I have been informed that I am not considered Jewish because I do not have a tattoo.**

**1:23-cv-01877-ESK-MJS**

PRAYER FOR RELIEF, I,  we, JOHN FITZGERALD KENNEDY April 25, 202, HILDA TOBIAS KENNEDY April 25, 2025. JESSICA NAN BERK April 25, 2025. WILLIAM HENRY KENNEDY, prays this court please give us justice for the projected persons, the disabled, and anyone effected by injustice.

DEMAND FOR TRIAL BY JURY

Pursuant to 28 U.S.C. § 1746, I,: JOHN FITZGERALD KENNEDY April 25, 202, HILDA TOBIAS KENNEDY April 25, 2025. JESSICA NAN BERK April 25, 2025. WILLIAM HENRY KENNEDY April 25, 2025, I, have personal knowledge of the matters alleged in the foregoing Verified concerning myself, my activities, and my intentions. I, we, verify under the penalty of perjury that the statements made therein are true and correct.

Respectfully submitted,

JOHN FITZGERALD KENNEDY April 25, 2025

HILDA TOBIAS KENNEDY April 25, 2025

JESSICA NAN BERK April 25, 2025

WILLIAM HENRY KENNEDY April 25, 2025

- o **Clerk of Court:**
- o Angela D. Caesar https://www.dcd.uscourts.gov/
- o 333 Constitution Avenue, N.W.
  Washington, DC 20001
  Room 1225
- DCD_INTAKE@DCD.USCOURTS.GOV