UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN F. KENNEDY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 25-cv-1220 (APM) ) |
| NEW JERSEY COURT SYSTEM, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of Plaintiffs' pro se complaint. For the reasons set forth below, the court dismisses the complaint without prejudice.

Complaints filed by pro se plaintiffs are held to "less stringent standards" than those applied to pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but pro se plaintiffs must still comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) requires that a complaint contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). Although this standard "does not require detailed factual allegations," it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). In addition, Rule 8(d) mandates that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Taken together, these provisions ensure that defendants receive fair notice of the claim(s) being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine

whether the doctrine of res judicata applies. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiffs' complaint falls far short of the Rule 8 pleading standard. It is entirely devoid of factual allegations and merely asserts that unspecified "cases have been weaponized by the defendants based on our beliefs and our advocacy for President Donald Trump and regarding the unsealing of information related to President John F. Kennedy" and that "[t]he defendants [*sic*] have suffered disabilities, retaliation, abuse, and lack of a toilet for nearly a year." Compl., ECF No. 1, at 6. In such circumstances, courts have not hesitated to dismiss the complaint. *See, e.g.*, *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit[.]" (internal quotation marks and citation omitted)); *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it is patently insubstantial, presenting no federal question suitable for decision." (internal quotation marks and citation omitted)); *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind."); *see also Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 725 (D.C. Cir. 1990) (affirming the district court's *sua sponte* dismissal of the plaintiff's complaint for failure to state a claim).

The 137 pages of exhibits attached to Plaintiffs' complaint cannot cure these deficiencies. *See* ECF Nos. 1-1 to 1-7. As a preliminary matter, it is not clear from the face of these materials how they relate to the instant suit. In any event, pro se litigants "cannot generally be permitted to shift the burden of litigating [their] case to the courts." *Dozier v. Ford Motor Co.*, 702 F.2d 1189,

1194 (D.C. Cir. 1983); *see Sun v. Dist. of Columbia Gov't*, 133 F. Supp. 3d 155, 168 n.6 (D.D.C. 2015), *aff'd*, 686 F. App'x 5 (D.C. Cir. 2017) ("[I]t is not the Court's job to canvass the record for documents supporting a pro se party's position.").

As presented, neither the court nor the defendants can reasonably be expected to identify Plaintiffs' claims. Equally murky are Plaintiffs' stated bases for this court's jurisdiction. Accordingly, the court dismisses this case without prejudice.

A final, appealable order accompanies this Memorandum Opinion.

Dated: May 5, 2025

Amit P. Mehta
United States District Judge